SUSAN LUCAS, ET AL.                    *        NO. 2024-C-0628

VERSUS                                 *

                                                COURT OF APPEAL

OCHSNER CLINIC                         *

FOUNDATION, OCHSNER                             FOURTH CIRCUIT

MEDICAL CENTER-                        *

WESTBANK, L.L.C., ET AL.                        STATE OF LOUISIANA

                          * * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 17-415, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Dale N. Atkins)

Atkins, J., concurs in the result.

Kara Hadican Samuels
Jennifer L. Thornton
4004 Canal Street
New Orleans, LA   70119

COUNSEL FOR PLAINTIFF / RELATORS,

Don S. McKinney
William K. Wright IV
701 Poydras Street, Suite 4500
New Orleans, LA   70139

COUNSEL FOR RESPONDENTS, OCHSNER CLINIC
FOUNDATION AND JOHN SPERA, C.R.N.A.

                                        WRIT GRANTED, RELIEF GRANTED
                                                October 10, 2024

The relator in this writ application seeks review of the trial court's denial of a motion *in limine* that would have excluded any mention of informed consent in this medical malpractice case.

***Fact summary***

Dorothy Caserta ("Caserta"), the decedent in this wrongful death and survival action case was suffering from aortoiliac occlusive disease[1]. She elected to have aortic reconstruction surgery as a treatment for this condition. The surgery was to be performed at Ochsner Westbank Medical Center on July 17, 2013. In anticipation of the surgery, Caserta signed consent forms that acknowledged certain risks of the proposed surgery and authorized the medical providers to proceed with that knowledge. The consent forms are part of Caserta's medical records. Neither the consent to the surgery nor the acknowledgment of the risks is contested by Plaintiffs' claim.

The surgery proceeded on the date planned. Caserta was given general anesthesia by the routine insertion of a nasogastric tube ("NG tube"). During the course of the surgery, the surgeon discovered that the NG tube had made a 6

---

[1] Aortoiliac occlusive disease is a type of peripheral artery disease that occurs when the aorta or iliac arteries become blocked or narrowed. This blockage can be caused by a buildup of plaque in the walls of the blood vessels.

1

centimeter tear in Caserta's esophagus. The surgeon immediately repaired the trachea.[2] However, due to blood loss and other complications, Caserta died in the hospital on August 15, 2013.

***Trial court proceedings***

Plaintiffs are Caserta's surviving adult children and one grandchild. The only defendants remaining in the suit are the hospital where the surgery was initiated and the Certified Registered Nurse Anesthetist who inserted the NG tube.

Plaintiffs filed their motion *in limine* seeking to exclude all evidence relating to informed consent. Essentially, Plaintiffs argue that they have not put informed consent at issue in this litigation. Therefore, they contend, any testimony or documents directed to that issue is of no relevance. Further, Plaintiffs add, even if informed consent has any relevance to this action, the balance required by La. C.E. art. 403 demands its exclusion because of the high probability of prejudice.

Defendants contend that the informed consent documents are part of Caserta's certified medical records and are therefore admissible. For their part, Defendants do not believe that the evidence in question raises any great risk of undue prejudice.

The trial court accepted the defendants' arguments in orally issued reasons and denied the motion *in limine*. Because of the limited amount of time until the trial date, Plaintiffs have requested and received expedited review of their writ application.

---

[2] The injury to the trachea caused the surgeon to cancel the aortic reconstruction for which Caserta was hospitalized.

***Legal analysis***

The issue raised in this application is part of a relatively new body of law in our state. So far, there is no broad ruling from the Louisiana Supreme Court that directs us to exclude evidence of informed consent in a medical malpractice case when informed consent is not part of the claim presented.

A review of the application must begin with the basic rules of relevance and admissibility. Relevant evidence is any evidence tending to make the existence of a fact consequential to the determination of the action more or less probable than it would be without the evidence. La. C.E. art. 401. As a general rule, all relevant evidence is admissible. La. C.E. art. 402. This general rule, however, is tempered by La. C.E. art. 403, which holds that, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."

In *Matranga* v. *Parish Anesthesia of Jefferson, L.L.C.,* 2014-448 (La. App. 5 Cir. 5/14/15); 170 So. 3d 1077, the trial court permitted the introduction of documents granting consent for treatment. In a fact situation remarkably similar to the one now before us, the patient / decedent died as a result of a rupture of the trachea during insertion of an NG tube. The court noted that, at trial, "The defendants repeatedly highlighted the dangers inherent in Ms. Greathouse's planned surgery…and equated those risks to the risks of her intubation. This link could easily lead to the conclusion that Ms. Greathouse acquiesced to her injury and subsequent death." *Id*. at 1092. The *Matranga* court ultimately determined that introduction of the informed consent evidence most likely caused

3

confusion to the jury. As a result, the court reversed the jury decision and remanded the case for a new trial.

In *Patten* v. *Gayle,* 46,453 (La. App. 2 Cir. 6/22/11); 69 So. 3d 1180, the court also found jury confusion as a result of introduction of irrelevant consent forms and testimony. The court wrote, "A risk of bowel injury was among the risks listed on the consent forms signed by Mrs. Patten. … Being injured as a result of negligence by one's physician is not a reasonably foreseeable risk of receiving medical treatment." Id. at 1187. In testimony, the defendant surgeon testified that he had, in fact, caused injury to his patient when he pierced a portion of her small bowel. The court concluded that the jury's finding that the surgeon's negligence caused no injury to Mrs. Patten was manifestly erroneous and conducted a *de novo* review of the facts of the case. After its review of the record, the *Patten* court concluded that a later, second perforation of the patient's bowel was not caused by the surgeon. The appellate court found for the defendant just as the jury did but for reasons that may have been completely different. Based on the procedural path taken by the case, one can never determine whether the jury would have reached the same verdict if informed consent evidence had been excluded.

In *Matranga* and *Patten*, the common thread is jury confusion. In one case, the court found the confusion necessitated a new trial; in the other, the court undertook a review of the facts itself. In both cases, a jury decision without the confusion and possible prejudice caused by informed consent evidence would have been preferable to the ultimate outcomes. Logic and La. C.E. art. 403 dictate that such evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion and often results in a waste of time.

4

The Louisiana Supreme Court has not issued a full opinion on this subject, but in *French* v. *Quality Nighthawk Teleradiology Group, Inc.,* 2023-1534 (La. 11/30/23); 373 So. 3d 690, the court issued a *per curiam* in which it approved a trial court decision that granted a motion *in limine* that excluded informed consent evidence when it was not relevant to the claim made. The Supreme Court's *per curiam* reversed a decision by our court that overturned the trial court's order *in limine*.

A review of our statutory guidance and the decisions of other appellate courts of our state, shows that judicial efficiency and fundamental fairness supports the adoption of a general rule that evidence of informed consent should not be allowed at a trial on the merits unless a claim necessarily raises it as a question to be determined by the trier of fact. In the case before us, there is no showing that evidence of informed consent is relevant to the issue of negligence that the trier of fact must decide. Therefore, we grant the writ requested and remand the case to the trial court with instructions to issue an order *in limine* consistent with this opinion.

WRIT GRANTED, RELIEF GRANTED.